## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY SYLVESTER TAYLOR,** | : | |
| | : | **Civil No. 1:11-CV-2090** |
| **Petitioner,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Respondent.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

In this case, Gregory Sylvester Taylor, a federal prisoner, has filed a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Taylor is an inmate

currently incarcerated at the United States Penitentiary, Allenwood, where he is

presently serving a 63-month federal sentence that was imposed upon him following

his guilty plea conviction in the District of Maryland on March 3, 2011. (Doc. 1)  In

his petition, Taylor alleges that he pursued a direct appeal in this case, which was

denied in September or November of 2011. (Id.)  It is unclear whether Taylor has

sought collateral relief under 28 U.S.C. §2255, in the district of conviction, the

District of Maryland. (Id., ¶11.)  It is apparent, however, that Taylor wishes to

challenge aspects of that federal conviction in Maryland in this pleading. Specifically

Taylor wants the court of conviction to address questions he has relating to

"discovery, property [and] enlightment of case." (Id., ¶12.) Thus, Taylor now invites this Court to address claims arising out of his underlying federal case which have not yet been fully addressed by the sentencing court in that case.

Our screening review of this case leaves us convinced that this matter is not appropriately brought as a habeas petition under 28 U.S.C. § 2241, but rather should be addressed in the District of Maryland as a petition under 28 U.S.C. §2255. Therefore, we recommend that this petition be transferred to the District of Maryland for consideration as a motion to correct sentence under 28 U.S.C. § 2255.

## II.   Discussion

### A.   This Petition Should Be Transferred to the Sentencing Court in the District of Maryland

In this case, we find that the petitioner has not made out a valid case for pursuing habeas relief in this district in lieu of a motion to correct sentence filed in the district of conviction under 28 U.S.C. § 2255.  This showing is a prerequisite for a successful habeas petition in this particular factual context.  Therefore, since the petitioner has not made a showing justifying habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United

States District Courts).  <u>See, e.g.</u>, <u>Patton v. Fenton</u>, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Summary dismissal of this habeas petition, which seeks to correct a federal prisoner's sentence, would be appropriate here since it is well-settled that: "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a  sentence, is by way of a motion filed under 28 U.S.C. § 2255.  <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997).  <u>See also</u> <u>United States v. Miller</u>, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); <u>Snead v. Warden, F.C.I. Allenwood</u>, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255).  Indeed, it is now clearly established that Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. <u>See</u>  <u>Hill v.</u>

<u>United States</u>, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. <u>Strollo v. Alldredge</u>, 463 F.2d 1194, 1195 (3d Cir. 1972). Indeed it is clear that "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" <u>Gomez v. Miner</u>, No. 3:CV-06-1552, 2006 WL 2471586, at *1 (M.D. Pa. Aug. 24, 2006) (quoting <u>Myers v. Booker</u>, 232 F.3d 902 (10th Cir. 2000)) Instead, Section 2255 motions are now the exclusive means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. <u>See</u> <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974). Thus, federal inmates who wish to challenge the lawfulness of their convictions and sentences must typically file motions under § 2255.

This general rule admits of only one, narrowly-tailored, exception. A defendant is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the

remedy under § 2255 would be "inadequate or ineffective to test the legality of his

detention." 28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647

(3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no

other means of having claims heard). The inadequacy or ineffectiveness must be "a

limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording

. . . a full hearing and adjudication of [a] wrongful detention claim." Okereke v.

United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d

536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the

personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing

Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255

is not inadequate or ineffective merely because the sentencing court does not grant

relief, the one-year statute of limitations has expired, or the petitioner is unable to

meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290

F.3d at 539. In practice § 2241 relief, in lieu of proceeding under §2255, has been

available only in very narrow instances to a petitioner who had no earlier opportunity

to challenge his conviction for conduct that an intervening change in substantive law

made no longer criminal. Dorsainvil, 119 F.3d at 251. Furthermore, if a petitioner

improperly challenges a federal conviction or sentence under § 2241, the petition must

be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the petitioner makes in his petition do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate.  None of the petitioner's claims fall within the one narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255.  In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal.  Dorsainvil, 119 F.3d at 251.

This petition simply does not demonstrate that this narrow exception has any legitimate application to the instant proceedings.  Quite the contrary, Taylor's petition simply seeks to address questions concerning  "discovery, property [and] enlightment of case" in his underlying federal prosecution. (Id., ¶12.)  Thus, petitioner's current § 2241 petition seems to be premised on a notion of judge-shopping, a desire to re-litigate claims in multiple forums, a claim that is plainly inadequate as an excuse for foregoing the proper course of litigating collateral challenges to a petitioner's federal

conviction, and therefore this request must be rejected by this court. Manna v. Schultz, 591 F.3d 664 (3d Cir. 2010).

Recognizing that this matter is not appropriately brought before this Court, we recommend that Taylor's petition be transferred to the District of Maryland, so the sentencing district court may consider this petition.  In making this recommendation, we note that federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the statutes and rules which apply generally to civil litigation. Thus, such petitions are also subject to the general rules governing venue in civil litigation, including Title 28 U.S.C. § 1404(a), which states as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

Adhering to this familiar principle, we note that when courts in this district have been confronted by habeas petitions, like the petition lodged here, which challenge aspects of a sentence imposed by another federal district court, they have often relied upon §1404 to order the transfer of the petition to the sentencing court for its consideration.  In reaching this result we have observed that:

> The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Indeed, this Court has followed this course of action in other cases where an inquiry into the

sentencing court's intent was necessary to properly dispose of a petition. Specifically, in two cases where the resolution of the petitions challenging the BOP's collection of restitution payments through its Inmate Financial Responsibility Program required an inquiry into the information before the sentencing court about the petitioners' finances at the time the sentencing court ordered restitution, the cases were transferred to the jurisdiction of the sentencing courts for proper resolution. See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, at *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D.Pa. April 14, 2008) (Munley, J.) (citing Verissimo v. INS, 204 F.Supp.2d 818, 820 (D.N.J.2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir.1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").).

Stover v. Sniezek, No. 1:10-CV-1213,  2010 WL 3220318, *4 (M.D.Pa. Aug. 12 2010)(Jones, J.); see, e.g.,  See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561,  *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D.Pa. April 14, 2008) (Munley, J.).

In this case, the prerequisites for a transfer of this matter to the District of Maryland pursuant to 28 U.S.C. §1404 are fully satisfied.  At the outset, it is apparent that the District of Maryland is another district where this claim might have been brought through a motion under 28 U.S.C. §2255.  Indeed, the District of Maryland is the most appropriate venue for this particular challenge to Taylor's conviction and sentence.

It is also evident that the second prerequisite for a transfer order is present here: A transfer of this action to the District of Maryland would serve: "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. §1404(a). As we have previously noted when transferring other petitions to the sentencing district:

> Because the District Court . . . sentenced the petitioner, the events material to the case took place in that district. In addition, the court in that district has access to the evidence that led the court to make its sentencing . . .determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner v. Williamson, supra,  2008 WL 1752229, at *4.

Finally, we note that an order transferring this case to the sentencing district for further proceedings also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

In sum, Taylor invites this Court under the guise of a habeas petition to do something which the sentencing court has not yet had the opportunity to do; that is, assess the merits of a collateral challenge to this conviction and sentence. We should decline this invitation, given that Taylor has made no showing that § 2255 is inadequate or ineffective to test the legality of his sentence, and that the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, this Court should transfer this petition to the District of Maryland pursuant to 28 U.S.C. § 1404 so that court may address the merits of these claims.

## III.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED, pursuant to 28 U.S.C. § 1404, that this case be transferred to the United States District Court for the District of Maryland for further proceedings.

Petitioner is placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

*__S/Martin C.  Carlson__*

Martin C. Carlson

United States Magistrate Judge

Dated: November 14, 2011